

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-5163
Re: Applicability of the Chain Store
Tax Law under stated facts.

The facts set out in your opinion request of March 25, 1943, are, briefly, these:

A corporation legally doing business in this State owns and operates several stores in Texas upon which it pays the chain store tax. It also does a wholesale business, selling its products to many independent dealers. It neither owns, manages, nor controls the business of such independent dealers. It has, however, printed a catalog listing many of the products which it sells. This catalog is issued over the dealer's name, and is sold to the independent dealer by the company. Such dealer then has the privilege of furnishing such catalogs to his customers in turn. The customer has the privilege of ordering merchandise from the dealer upon order blanks which are found in the catalog. The dealer accepts such order, and if he has the merchandise in stock fills the same. In the event that he does not have such stock, he sends it to the nearest company owned store, with the request that the merchandise be shipped to his customer. In the event that the dealer sends such order to the company, the company mails the merchandise direct to the customer of the dealer, or direct to the dealer, if this be requested. In neither event does the customer become liable to the company, but in either event he is liable to the dealer through whom he ordered the merchandise. The dealer, however, is liable to the company for all merchandise shipped through him. The company furnishes the dealer no financial, credit or collection facilities; nor is the dealer under any obligation to purchase any merchandise from the company.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, page 2

Under the foregoing fact situation you request the opinion of this department as to whether the company which furnishes the catalog to the dealer is liable for the payment of a chain store tax upon the dealer's store.

Section 1 of Article 1111d, Vernon's Texas Penal Code, known as the Chain Store Tax Law, provides:

"That from and after the passage of this Act it shall be unlawful for any person, agent, receiver, trustee, firm, corporation, association or copartnership, either foreign or domestic, to operate, maintain, open or establish any store or mercantile establishment in this State without first having obtained a license so to do from the Comptroller of Public Accounts as hereinafter provided."

Section 6 of the same act provides that:

"The provisions of this Act shall be construed to apply to every person, agent, receiver, trustee, firm, corporation, copartnership or association, either domestic or foreign, which is contrólled or held with others by majority stock ownership or ultimately controlled or directed by one management or association of ultimate management."

Under the facts stated, we are of the opinion that the company neither operates, maintains, opens nor establishes the store of the independent dealer within the terms of Section 1 quoted above. We are also of the opinion that the company neither controls or holds with others by majority stock ownership, nor ultimately controls or directs by one management or association of ultimate management the dealer's store. This being true, the company, of course, is not liable for payment of the chain store tax upon any such dealers' stores.

We assume that your inquiry was prompted by the opinion recently rendered in the case of Montgomery, Ward & Company v. State, not yet reported, where the court held that order offices owned and operated by the company, where goods were shipped upon order of the customer to the order office for his acceptance or rejection, were stores within the meaning of the chain store tax law. That case was decided upon the theory that the title of the goods passed at the order office; that the sale was therefore made at the order office, and that therefore the order office constituted a store within the meaning of the term "store" as defined in Section 7 of the act. In that case, however, the order offices themselves were owned by the taxpayer.

Honorable George H. Sheppard, page 3


        In this case the stores are not owned by the company, but by the dealers. The only sales made by the company are to the dealers. Such sales as are made by the company are made from their company owned stores and not from the store of the dealer. We are therefore of the opinion that the dealer who maintains and operates the store is the person liable for payment of the chain store tax.

        We wish to point out, however, that this opinion is confined exclusively to the fact situation presented herein. If there be other facts, not presented to us, which render the dealers' stores subject to the control of the company, then the existence of such facts might require a different answer to your question.

        Trusting that the above fully answers your inquiry, we are

                                Very truly yours

                        ATTORNEY GENERAL OF TEXAS

                        By  Fowler Roberts
                            Fowler Roberts
                            Assistant

FR:AMM


    APPROVED APR 13, 1943

    Gerald C. Mann

    ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN